**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-6759**

_____

WILLIE WILLIAMS,

                Plaintiff - Appellant,

        v.

VINCENT COLLIER, Cpt-Supervisor; OFFICER JACKSON; LIEUTENANT
RANDLE,

                Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   T. S. Ellis, III, Senior
District Judge.   (1:06-cv-01043-TSE-TRJ)

_____

Submitted:  June 8, 2009               Decided:  July 22, 2009

_____

Before TRAXLER, Chief Judge,  and NIEMEYER and KING, Circuit
Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Willie Williams, Appellant Pro Se.   John Adrian Gibney, Jr.,
Thomas Douglas Lane, THOMPSON MCMULLAN PC, Richmond, Virginia,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Williams, a Virginia prisoner, appeals the district court's grant of summary judgment to Vincent Collier, Delvin Jackson, and Challoughlczilczise Randle on Williams's 42 U.S.C. § 1983 (2006) claims for various Eighth Amendment violations, as well as the dismissal with prejudice of Williams's claims against "Officer Crowin." On appeal, Williams reiterates the merits of his claims, argues that the district court erred in denying his motions for discovery and appointment of counsel, and contends that Crowin was improperly dismissed from the complaint. Williams also requests that counsel be appointed in this Court. Appellees reassert the facts and arguments stated in their respective motions for summary judgment before the district court. For the reasons that follow, we vacate in part, affirm in part, remand for further proceedings, and authorize the court to reconsider the issue of appointing counsel.

We review a district court's order granting summary judgment de novo and view the facts in the light most favorable to the nonmoving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment will be granted unless a reasonable

2

jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A party cannot create a genuine issue of material fact through speculation or a compilation of inferences. Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). However, "[i]t is not our job to weigh the evidence, to count how many affidavits favor the plaintiff and how many oppose him, or to disregard stories that seem hard to believe." Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991). Instead, such credibility determinations are within the province of the jury. Id.; see Anderson, 477 U.S. at 255.

Moreover, before summary judgment may properly be entered, the nonmoving party "must be afforded both notice that the motion is pending and an adequate opportunity to respond." Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981). Implicit in such an "opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion." Id. (internal quotation marks, alterations and citations omitted). Accordingly, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover

3

information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5.

To make out a claim of excessive force under the Eighth Amendment, Williams must show that the Defendants "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). This question turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 320-21 (internal quotation marks and citation omitted). The excessive force inquiry requires evaluation of "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). When determining the subjective component, we consider "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." Whitley, 475 U.S. at 321 (internal quotation marks, alterations and citation omitted).

"[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d

4

1259, 1263 (4th Cir. 1994) (en banc). Extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." Id. at 1263 n.4 (internal quotation marks and citation omitted). Otherwise, in determining whether injuries are de minimis, we generally consider the following: the context in which the injuries were sustained; whether the inmate sought medical care; whether the injuries were documented in medical records; and whether the documented injuries are consistent with the application of the amount of force necessary under the particular circumstances. See generally Taylor v. McDuffie, 155 F.3d 479, 484-85 (4th Cir. 1998).

It is clear from the record that genuine issues of material fact exist regarding both the necessity of the force used by Collier against Williams and the extent of Williams's injuries. Though some of Williams's averments — that he was calm while being escorted to administrative segregation and that Collier's actions were an unprovoked attack — may strain credulity, we are not in a position "to disregard stories that seem hard to believe." Gray, 925 F.2d at 95. Moreover, Williams repeatedly sought discovery in order to prove his allegations, but was denied it by the district court. Williams contended that the incident in question occurred directly in

5

front of a mounted camera and that pictures of the incident were held by the jail. Williams filed repeated motions to secure these photographs. However, rather than addressing these motions on their merits, the district court denied them, stating that "it [was] premature to allow discovery before ruling on the pending Motion for Summary Judgment filed by defendants." Such a conclusion was in error. See Anderson, 477 U.S. at 250 n.5 (noting that summary judgment may only be granted where nonmoving party had opportunity for discovery).

Similarly, genuine issues of material fact exist regarding the extent of injuries suffered by Williams. Though the evidence submitted by the Defendants indicates that Williams suffered a minor cut over his eye, Williams avers that he now suffers from permanent nerve damage to his right eye. While a small cut would certainly be considered a de minimis injury, therefore barring Williams's recovery, permanent nerve damage may not be. Cf. Taylor, 155 F.3d at 484-85. However, because the district court denied Williams's motions seeking discovery of his medical records, Williams is forced to rely solely on his own affidavits as proof of his injury. As stated before, it is not the province of the trial court at summary judgment to make such determinations of credibility. See Gray, 925 F.2d at 95. Accordingly, as genuine issues of material fact exist regarding both the force used by Collier and the extent of Williams's

6

injuries, and Williams was not given an opportunity for discovery, the district court erred in granting summary judgment on this claim. Therefore, the order granting summary judgment for Collier and Jackson is vacated, and we remand for appropriate discovery and for such other proceedings as may be warranted, with authorization for the district court to reconsider its denial of the appointment of counsel.

Our review of the record indicates that the district court did not err in granting summary judgment for Lieutenant Randle on Williams's claim arising out of time spent in a restraint chair. Though issues of fact may exist regarding Williams's behavior while in the restraint chair, Williams failed to present evidence of a sufficiently serious injury or deprivation to survive summary judgment. To the extent Williams raises an excessive force claim, the court correctly determined that Williams "failed to establish that he suffered anything more than a de minimis injury as the result of his restraint." To the extent Williams raised a more general Eighth Amendment claim, we observe that a prisoner's exposure to human waste may give rise to an Eighth Amendment violation. See, e.g., DeSpain v. Uphoff, 264 F.3d 965, 974-75 (10th Cir. 2001) (collecting cases). Williams failed, however, to demonstrate an "extreme deprivation" sufficient to constitute such a violation. See Williams, 77 F.3d at 761 (recognizing that meeting objective

7

component of excessive force claim — that deprivation suffered or injury inflicted was "sufficiently serious" — "is <u>less</u> demanding than that necessary for [a] conditions-of-confinement" claim). Thus, the court did not err in granting summary judgment to Randle on this issue.

Williams next challenges the district court's dismissal with prejudice of his claims against Crowin. The record is unclear when Officer Crowin was added as a defendant. He was mentioned once in the complaint, as the officer Williams requested to release him from the restraint chair, but was never named as a defendant or mentioned in the amended complaint, filed in response to the district court's order that Williams "particularize and amend his complaint . . . by (i) naming every person he wishes to include as a defendant." As Williams failed to include Crowin in this amended complaint, failed to allege facts sufficient to state a constitutional claim against him, and failed to effect service of the amended complaint upon him, we find that the district court did not err in dismissing any claims against him with prejudice.

We also authorize the court, on remand, to reconsider appointing counsel to represent Williams for discovery and other proceedings. <u>See</u> 28 U.S.C. § 1915(e)(1) (providing that district court "may request an attorney to represent any person unable to afford counsel"). Williams's obligations on remand

8

will likely involve complex issues, including discovery and review of medical records, securing expert testimony, and the nuances of Eighth Amendment jurisprudence — all difficult to address and properly present without the aid of counsel. See Whisenant v. Yuam, 739 F.2d 160, 163-64 (4th Cir. 1984) (directing district court to appoint counsel for pro se plaintiff in § 1983 action because "exceptional circumstances" were present and plaintiff was "relatively uneducated generally and totally uneducated in legal matters"), abrogated in part by, Mallard v. United States Dist. Court, 490 U.S. 296 (1989); Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (observing that district court should appoint counsel if "a pro se litigant has colorable claim but lacks the capacity to present it"); see also McEachin v. McGuinnis, 357 F.3d 197, 205 (2d Cir. 2004) (instructing district court to consider appointing counsel on remand to represent pro se plaintiff when action "may present complex legal issues").

We accordingly vacate the district court's orders granting summary judgment to Collier and Jackson and denying Williams's motions for discovery of photographs and medical records, affirm the remainder of the district court's orders, and remand the case for further proceedings consistent with this opinion. Because we remand for further proceedings, we deny as moot Williams's motion in this Court for appointment of counsel.

9

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED